Eugene P. Ramirez, Esq. (State Bar No. 134865)
Minas Samuelian, Esq. (State Bar No. 242804)
Andrew Mallett, Esq. (State Bar No. 283345)
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
epr@manningllp.com; mxs@manningllp.com
azm@manningllp.com

Attorneys for Defendants COUNTY OF LOS
ANGELES; LOS ANGELES COUNTY SHERIFF
JIM MCDONNEL and LOS ANGELES
COUNTY SHERIFF'S DEPARTMENT

FILED
CLERK, U.S. DISTRICT COURT
3/28/2017
CENTRAL DISTRICT OF CALIFORNIA
BY: GR DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL JENSEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF JIM MCDONNELL; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 50,<br><br>　　　　Defendants. | Case No. 2:16-cv-01590-CJC-RAO<br>*[Hon. Cormac J. Carney; Magistrate Rozella A. Oliver]*<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: 9/28/15 |

By and through their counsel of record, plaintiff Michael Jensen; and defendants County of Los Angeles, Los Angeles County Sheriff Jim McDonnell and Los Angeles County Sheriff's Department, (collectively hereinafter referred to as "the parties") hereby stipulate for the purpose of jointly requesting that the honorable Court enter a protective order regarding confidential documents in this matter and pursuant to all applicable statutes and rules, including but not limited to Fed. R. Civ. P. 5.2, 7, 26 and 29, as well as Central District of California Local Rule 7-3, 37-1, and 52-4.1.

## 1. PURPOSES AND LIMITATIONS

**A.** Disclosure and discovery activity in this case is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulation and its Order do not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosures and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12 below, that this Stipulation and its Order do not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B.** <u>GOOD CAUSE STATEMENT</u>

Plaintiff has requested or will likely request, by way of written discovery, materials pertaining to the plaintiff's incarceration, the incarceration of other individuals and internal policies, procedures and practices of jail facilities, including information which may be contained in law enforcement files. Defendants have also identified or will identify materials pertaining to the these matters in their initial disclosures. These documents contain information of a privileged, confidential, private or sensitive nature, and the parties believe that public dissemination of this information would jeopardize compelling interests in preserving the integrity of law enforcement information and individuals' privacy interests. This confidential information is in the possession of the Defendants. Defendants have agreed to produce this information pursuant to the terms and conditions found in the instant Stipulation and its Order.

Disclosing and Receiving parties agree unprotected disclosure of such information may potentially "poison the jury pool," "affect jury service," and/or cause or contribute to potentially adverse pre-trial publicity. The parties also raise personal safety and privacy concerns if such information is made available to the public. The parties' concerns are exacerbated by the nation's current social climate and the added concerns officers face in light of the national protests against the police. Adverse pretrial publicity can create prejudice in a community and make it impossible for the accused to receive a fair trial. Making the above-listed information publicly available before trial will taint the jury pool and prejudice Defendants' ability to receive a fair trial and put on a defense in this case.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable, necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

 **A.** <u>Action</u>: this pending federal law suit, Michael Jensen v. County of Los Angeles, et al., case number 2:16-cv-01590-CJC-RAO.

 **B.** <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Stipulation and its Order.

 **C.** <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in

the Good Cause Statement.

    **D.**    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    **E.**    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or responses to discovery as "CONFIDENTIAL."

    **F.**    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    **G.**    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's; as well as any person retained, designated, or disclosed by a Party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2) or other applicable discovery Rules or statutes.

    **H.**    <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    **I.**    <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

    **J.**    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

    **K.**    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their

support staffs).

  **L.**  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

  **M.**  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  **N.**  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

  **O.**  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.**  **SCOPE**

  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material–even if subsequently obtained by the Receiving Party from Non-Party sources (including but not limited to via subpoena); and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulation and its Order do not govern the use of Protected Material at trial.

**4.**  **DURATION**

  Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulation and its Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials or reviews of this Action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

### A. Exercise of Restraint and Care in Designating Material for Protection

Each Party or Non-Party that designates information or items for protection under this Stipulation and its Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and its Order. Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

### B. Manner and Timing of Designations

Except as otherwise provided in this Stipulation and its Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

### C. Designation in conformity with this Order requires:

#### 1. For Information in Documentary Form:

Apart from transcripts of depositions or other pretrial or trial proceedings, and regardless of whether produced in hardcopy or electronic form, that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected

Material. The placement of such "CONFIDENTIAL" stamp on such page(s) shall not obstruct the substance of the page's (or pages') text or content.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulation and its Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

2. <u>For Testimony Given in Deposition or Other Pretrial or Trial Proceedings</u>:

That the Designating Party offering or sponsoring the testimony identify all Protected Material on the record, before the close of the deposition, hearing or other proceeding. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as "CONFIDENTIAL."

The court reporter must affix to each such transcript page containing Protected Material the legend "CONFIDENTIAL," as instructed by the Producing Party.

3. <u>For Information Produced in Some Form Other Than Documentary, and For Any Other Tangible Items (including but not limited to information produced on disc or electronic data storage device)</u>:

That the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend

"CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

**D.** <u>Inadvertent Failure to Designate</u>

If timely corrected (preferably, though not necessarily, within 30 days of production or disclosure of such material), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and its Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Stipulation and its Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**A.** <u>Timing</u>

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**B.** <u>Meet and Confer</u>

Prior to challenging a confidentiality designation, the Challenging Party shall initiate a dispute resolution process under Central District of California Local Rule 37-1, et seq. To avoid ambiguity as to whether a challenge has been made, any written notice must recite that a challenge to confidentiality is being made in accordance with this specific paragraph of the associated Protective Order. The parties shall attempt to resolve each challenge in good faith.

In conferring, the Challenging Party must explain the specific basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process under Central District of California Local Rule 37-1, et seq. or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### C. Judicial Intervention

If the Parties cannot resolve a confidentiality challenge without court intervention, the Challenging Party shall file and serve a motion to remove confidentiality (under Central District of California Local Rule 37-1, et seq.) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, or by the first day of trial of this matter, whichever date is earlier – unless the parties agree in writing to a longer time.

The parties must strictly comply with Central District of California Local Rules 37-1 and 37-2 (including the joint stipulation regarding discovery dispute requirement) in any motion associated with this Protective Order.

Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by Central District of California Local Rule 37-1, et seq. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

### D. Burden of Persuasion

The burden of persuasion in any such challenge proceeding shall be on the Designating Party, regardless of whether the Designating Party is the moving party

or whether such Party sought or opposes judicial intervention. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to oppose a motion to remove confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

### E. Withdrawal of Confidentiality Designation

At its discretion, a Designating Party may remove Protected Material from some or all of the protections and provisions of this Stipulation and its associated Order at any time by any of the following methods:

#### 1. Express Written Withdrawal

A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material from some or all of the protections of this Stipulation and its associated Order by an express withdrawal in a writing signed by such Party (or such Party's Counsel, but not including staff of such Counsel) that specifies and itemizes the Disclosure or Discovery Material previously designated as Protected Material that shall no longer be subject to all or some of the provisions of this Stipulation and Order. Such express withdrawal shall be effective when transmitted or served upon the Receiving Party. If a Designating Party is withdrawing Protected Material from only some of the provisions/ protections of this Stipulation and Order, such Party must state which specific provisions are no longer to be enforced as to the specified material for which confidentiality protection hereunder is withdrawn. Otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of this Stipulation and Order.

#### 2. Express Withdrawal on the Record

A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material from all of the provisions/protections of this Stipulation and its associated Order by verbally consenting in court proceedings on the record to such withdrawal – provided that such withdrawal specifies the Disclosure or Discovery Material previously designated as Protected Material that shall no longer be subject to any of the provisions of this Stipulation and Order. A Designating Party is not permitted to withdraw Protected Material from only some of the protections/provisions of this Stipulation and Order by this method.

**3.** Implicit Withdrawal by Publication or Failure to Oppose Challenge

A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material from all of the provisions/protections of this Stipulation and Order by failing to timely oppose a Challenging Party's motion to remove a "CONFIDENTIAL" designation to specified Protected Material. Nothing in this Stipulation and Order shall be construed so as to require any Party to file Protected Material under seal, unless expressly specified herein.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

**A.** Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for preparing, prosecuting, defending, or attempting to settle this litigation–up to and including final disposition of the above-entitled action–and not for any other purpose, including any other litigation or dispute outside the scope of this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and its Order. When the above entitled litigation has been terminated, a Receiving Party must comply with the provisions of Section 14, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation and its Order.

**B.**   Disclosures of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**1.**   The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

**2.**   The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

**3.**   Experts (as defined in this Stipulation and its Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**4.**   The Court and its personnel;

**5.**   Court reporters and their staff;

**6.**   Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**7.**   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

**8.**   During their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential

information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and its Order; and

9. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

### C. Notice of Confidentiality

Prior to producing or disclosing Protected Material to persons to whom this Stipulation and its Order permits disclosure or production (see section 7.B, *supra*), a Receiving Party shall provide a copy of this Stipulation and Order to such persons so as to put such persons on notice as to the restrictions imposed upon them herein: except that, for court reporters, Professional Vendors, and for witnesses being provided with Protected Material during a deposition, it shall be sufficient notice for Counsel for the Receiving Party to give the witness a verbal admonition (on the record, for witnesses) regarding the provisions of this Stipulation and its Order and such provisions' applicability to specified Protected Material at issue.

### D. Reservation of Rights

Nothing in this Stipulation and Order shall be construed so as to require any Producing Party to designate any records or materials as "CONFIDENTIAL." Nothing in this Stipulation and Order shall be construed so as to prevent the admission of Protected Material into evidence at the trial of this action, or in any appellate proceedings for this action, solely on the basis that such Disclosure or Discovery Material has been designated as Protected Material. Notwithstanding the foregoing, nothing in this Stipulation and Order shall be construed as a waiver of any privileges or of any rights to object to the use or admission into evidence of any

Protected Material in any proceeding; nor shall anything herein be construed as a concession that any privileges asserted or objections made are valid or applicable. Nothing in this Stipulation and Order shall be construed so as to prevent the Designating Party (or its Counsel or custodian of records) from having access to and using Protected Material designated by that Party in the manner in which such persons or entities would typically use such materials in the normal course of their duties or profession – except that the waiver of confidentiality provisions shall apply (section 6.E.3, *supra*).

### E. Requirements to File Confidential Documents Under Seal

If any Receiving Party attaches any Confidential Documents to any pleading, motion or other paper to be filed, lodged or otherwise submitted to the Court, such Confidential Document(s) shall be filed/lodged under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or Central District of California Local Rules 79-5.1 and 79-5.2 to the extent applicable and pursuant to the provisions of this Stipulation and any associated Order.

However, this paragraph shall not be construed so as to prevent a Designating Party or counsel from submitting, filing, lodging or publishing any document it has previously designated as a Confidential Document without compliance with this paragraph's requirement to do so under seal (i.e., a producing-disclosing party or counsel may submit or publish its own Confidential Documents without being in violation of the terms of this Stipulation and its Protective Order).

Furthermore, a Receiving Party shall be exempted from the requirements of this paragraph as to any specifically identified Confidential Document(s) where – prior to the submission or publication of the Confidential Document(s) at issue – the Designating Party of such specifically identified Confidential Document(s) has waived/withdrawn the protections of this Stipulation and its Order (pursuant to section 6.E, supra).

///

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

**A.** Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

**B.** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and its Order. Such notification shall include a copy of this Stipulation and its Order; and

**C.** Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court which issued subpoena or order, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

**A.** The terms of this Stipulation and its Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulation and its Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

seeking additional protections.

**B.** In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

**1.** Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**2.** Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

**3.** Make the information requested available for inspection by the Non-Party, if requested.

**C.** If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated and its Order, the Receiving Party must immediately:

**A.** Notify in writing the Designating Party of the unauthorized disclosures;

**B.** Use its best efforts to retrieve all unauthorized copies of the Protected Material;

    **C.**    Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and its Order;

    **D.**    Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGE OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Fed. R. Evid. 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. PUBLICATION OF PROTECTED MATERIAL PROHIBITED

    **A.**    <u>Filing of Protected Material</u>

Without advance written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the applicable Federal and Local Rules.

Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

    **B.**    <u>Public Dissemination of Protected Material</u>

A Receiving Party shall not publish, release, post or disseminate Protected Material to any person except those specifically delineated and authorized by this Stipulation and its Order (see section 6, above); nor shall a Receiving Party publish, release, leak, post or disseminate Protected Material to any news media, member of the press, website or public forum (except as permitted under section 12 regarding filings with the court in this action and under seal).

### 13. MISCELLANEOUS

**A.** <u>Right to Further Relief</u>: Nothing in this Stipulations and its Order abridges the right of any person to seek its modification by the Court in the future.

**B.** <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Stipulation and its Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and its Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation and its Order.

**C.** This Stipulation may be signed in counterpart and a facsimile or electronic signature shall be as valid as an original signature.

**D.** <u>Waiver of Rights</u>: Each Party to this Stipulation and its Order expressly waives any cause of action against the other arising from any violation of any privacy rights arising from any federal, state or local law, including, but not limited to, the Health Information Portability and Accountability Act (HIPPA), the California Penal Code, the California Government Code or the California Evidence Code.

### 14. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations,

summaries and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation and its Order as set forth in Section 4.

///

Any violation of this Stipulation and its Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 03-25-2017      **LAW OFFICES OF JESSICA PONCE**

By: _____
Jessica Ponce
Attorney for Plaintiff

DATED: 3/27/17      **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _____
Eugene P. Ramirez
Minas Samuelian
Andrew Mallett
Attorneys for Defendants, COUNTY OF LOS ANGELES, LOS ANGELES SHERIFF'S DEPARTMENT and LOS ANGELES OFFICE OF THE DISTRICT ATTORNEY

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

DATED: March 28, 2017      _Rozella A. Oliver_
Rozella A. Oliver
United States Magistrate Judge